**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICHITA MARIE HACKFORD,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 24-4078
(D.C. No. 2:23-CV-00618-JCB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

Plaintiff Richita Marie Hackford identifies herself "as being of the Shoshone Snake Bands Indians of Utah Territory, Shoshone Uinta(h) River Valley Reservation." Complaint at 1. Plaintiff, appearing pro se, filed a thirty-nine page complaint against the United States in the district court claiming "'breaches and violations' of [1] the 1848 Treaty of Guadalupe Hidalgo, Article XI, [2] the Presidential Executive Order October 3, 1861 President Abraham Lincoln, [3] the United States Senate Act May 5,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

1864 (13 Stat. 63), [4] the January 25, 1865 Public Notice Issue from Camp Douglas, Utah Territory, and [5] the June 8, 1865 Unratified Spanish Fork Treaty." *Id*. As best we can discern from sorting through the complaint, Plaintiff's principle argument (among many other arguments) is that "the State of Utah's Mormons . . . unlawfully 'squat' within the . . . Reservation under numerous acts of congressional and federal Indian jurisdictional criminal war crimes unlawfully enacted and . . . enforced" by federal, state, and local officials. *Id*. at 3.

After granting Plaintiff's motion to proceed in forma pauperis under 28 U.S.C. § 1915, the district court in a thorough, written "Memorandum Decision and Order" summarily dismissed the complaint *without prejudice* under subsection 1915(e)(2)(B) as meritless. According to the court, Plaintiff's complaint both failed to (1) establish a waiver of the Defendant United States' sovereign immunity and (2) state a claim upon which relief can be granted. Court's Order at 8. As part of its latter reasoning, the court explained "Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) [authorizing dismissal for failure to state a claim] analysis. Rule 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Court's Order at 6. A complaint that rambles incessantly, like Plaintiff's, does not satisfy the requirements of Rule 8. Something labeled a complaint but written more as a prolix in evidentiary and legal detail without simplicity, conciseness, and clarity fails to serve the essential functions of a complaint and is properly the subject of summary dismissal.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
United States Circuit Judge